IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGIO OCHOA,                           No. 2:12-CV-2988-CMK-P

      Petitioner,

  vs.                                   ORDER

ANTHONY HEDGPETH,

      Respondent.

_____/

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

      On April 11, 2014, the court issued petitioner an order to show cause, within 30 days, why this case should not be dismissed as untimely.  Petitioner was also ordered to file a signed amended petition which meets the requirements of Rule 2(c) of the Federal Rules Governing Section 2254 Cases.  To date, no response to the order to show cause has been received, nor has any amended petition.

/ / /

1

The court informed petitioner that federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). The undersigned found that petitioner specifically stated in his petition that he is a year and a half late in filing this petition, challenging a 2007 conviction. As no response to the court's order has been received, petitioner fails to provide any cause for why this petition should not be dismissed as untimely.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). For the reasons stated above, the court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for petitioner's failure to file an amended petition,

1 | and as untimely filed;

2. The court declines to issue a certificate of appealability; and

3. The Clerk of the Court is directed to close this case.

DATED: June 18, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE